Arthur J. GOLDBERG, Secretary of the United States Department of Labor, Plaintiff,

v.

BEAR CREEK MINING COMPANY, Defendant.

Arthur J. GOLDBERG, Secretary of the United States Department of Labor, Plaintiff,

v.

BOYLES BROS. DRILLING CO., Defendant.

Civ. Nos. 175-61 and 176-61.

United States District Court
D. Puerto Rico,
San Juan Division.
Aug. 14, 1962.

K. P. Montgomery, Santurce, P. R. and J. E. Bosch Roque, San Juan, P. R., for plaintiff.

G. de la Haba, R. Baragaño, Jr., Garrard Harris, San Juan, P. R., Wm. Ziegler, Jr., New York City (Sullivan & Cromwell, New York City), for defendant.

CLEMENTE RUIZ-NAZARIO, Chief Judge.

These are actions for injunction, filed by the Secretary of Labor, to enjoin and restrain defendants from violating the provisions of Sections 6, 7, and 15(a) (2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. §§ 206, 207, 215(a) (2). The facts are stated in detail in a Stipulation filed by the parties on July 28, 1961.

Defendant Bear Creek Mining Company is a wholly owned subsidiary of Kennecott Copper Corporation. Kennecott produces copper and other metals in four states of the Union and through a subsidiary in Chile. Defendant Boyles Bros. Drilling Co. and Bear Creek entered into a contract under which Boyles Bros. furnishes drilling rigs, diamond core drills and other equipment and makes borings in Puerto Rico at such locations and to such depths as Bear Creek indicates. Bear Creek conducts field studies involving mapping, soil sampling, examination of outcropping of rock and similar work, to determine the locations at which to conduct core drilling to explore the sub surface. After removal from the drill hole the cores are sent to Bear Creek's Laboratory in Lares, Puerto Rico, where, after the core is split longitudinally a representative part is ground and the resulting powder is analysed. Bear Creek prepares a log containing the analysis of each core, and mails a monthly report to the New York office, and a weekly report based on the log to Compañia Minera Kenmex S. A., a subsidiary of Kennecott Copper Corporation in Mexico.

The only object of all of these activities, the drilling, the splitting and analysis of cores and the sending of reports of the analyses is to determine whether minerals exist in the explored area in Puerto Rico in a quantity and of a grade which could presently be extracted commercially at a profit. Plaintiff contends that employees of Boyles Bros. and Bear Creek performing the work described above are engaged in occupations closely related and directly essential to the production of goods for interstate commerce within the meaning of the Fair Labor Standards Act of 1938, as amended, despite the fact that to date the defendants' explorations have been fruitless, as they have not yet found minerals in a quantity and of a grade which could be presently extracted commercially at a profit. Defendants contend that their employees' operations are mere reconnaissance work which is not closely related and directly essential to the production of goods for commerce. With this I cannot agree. It seems a simple enough proposition, that minerals cannot be extracted before they are

found any more than rabbit fricassee can be produced without first catching a rabbit. And the far flung activities of Kennecott Copper Corporation, for whom this exploratory work was performed, certainly constitute reasonable grounds for anticipating that any minerals subsequently extracted would move outside of Puerto Rico into other states. See Warren-Bradshaw Co. v. Hall, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83, and the same case in the Court of Appeals, 5 Cir., 124 F.2d 42.

For the reasons stated an injunction will issue and plaintiff's counsel are directed to prepare proposed findings of fact, conclusions of law and judgment, with copy to defendants' counsel.